AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
At Albuquerque NM
JUN 3 2016
MATTHEW J. DYKMAN
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Robert Simmons | ) | Case No. 16-MJ-2583 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____5/6/2016_____ in the county of _____Santa Fe_____ in the
_____ District of _____New Mexico_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 843 (a)(3) | Acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Matthew Hoisington, Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: June 3, 2016

_____
Judge's signature

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
Printed name and title

City and state:    Albuquerque, New Mexico

## **AFFIDAVIT**

I, Matthew Hoisington, Task Force Officer of the United States Department of Justice, Drug Enforcement Administration (DEA), being first duly sworn state as follows:

I am a Task Force Officer with the Drug Enforcement Administration (DEA), and have been since October 2014. During law enforcement career I accumulated the following training and experience:
I am a sworn Law Enforcement Officer with the Albuquerque Police Department and have been since June 2004. Additionally, I am a federally deputized Task Force Officer and have served in this capacity since October 2014. I am currently assigned to the DEA, Albuquerque District Office.

I graduated from the Albuquerque Police Department training academy where I received approximately 800 hours of specialized law enforcement training, to include narcotics related investigations. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, tactical applications of narcotics enforcement.

As a DEA Task Force Officer, I have participated in investigations targeting pharmacy robberies, individuals and organizations trafficking cocaine, cocaine base ("crack"), marijuana, methamphetamine, heroin, and other controlled substances, to include pharmaceutical medications, as defined in Title 21 United States Code, Section 801.

The facts set forth in this affidavit are known to me as a result of my investigation and interviews with other agents and law enforcement officers. These are not all the facts known to me throughout the course of this investigation, but rather only those which are essential to establish probable cause for charging a complaint against Robert SIMMONS for the federal violations listed herein.

This Affidavit is made in support of the issuance of a Criminal Complaint charging Robert SIMMONS with violations of Title 21 U.S.C. Section§ 843.

## **PROBABLE CAUSE**

On May 6, 2016 at approximately 11:10 a.m., New Mexico Board of Pharmacy Drug Inspector Cheranne McCracken called the Wal-Mart pharmacy located at 66 NM 344, Edgewood, New Mexico to speak with Pharmacist Sharon Carpenter about a prescription fraud investigation of Robert SIMMONS. While Inspector McCracken was on the phone with Sharon Carpenter, Pharmacy Technician Jamie Gerhart told Sharon Carpenter that Robert SIMMONS had just dropped off a Tramadol prescription with her for "Karen Jarrett." Inspector McCracken advised Sharon Carpenter that she was on her way to the Wal-Mart, to call police, and not to let Robert SIMMONS leave. Edgewood Police Officer Anna Wendt was dispatched to the Wal-Mart in reference to the incident.

Officer Wendt arrived at Wal-Mart and made contact with Roy Cox of Loss Prevention. Roy Cox advised Officer Wendt of the incident and provided Officer Wendt with a description of Robert SIMMONS. Roy Cox spoke with Inspector McCracken to confirm what had been relayed to him. Roy Cox then handed the phone to Officer Wendt. Inspector McCracken advised Officer Wendt that she had been conducting an investigation on Robert SIMMONS since January 2016, and that SIMMONS uses different female names and drops off a prescription for 50 tablets of Tramadol once a week. As Officer Wendt was talking to Inspector McCracken, Santa Fe County Deputy Donald Romero came into the Loss Prevention office and advised Officer Wendt that SIMMONS was exiting the store. Officer Wendt asked Deputy Romero and Roy Cox to detain SIMMONS as she gathered more information regarding SIMMONS prescription fraud activities. Deputy Romero and Roy Cox detained SIMMONS and brought him to the Loss Prevention office. Officer Wendt asked Roy Cox and Deputy Romero to watch him as she continued her investigation.

Officer Wendt went to the pharmacy window made contact with the Sharon Carpenter and Jamie Gerhart Sharon Carpenter confirmed that she was on the phone with Inspector McCracken when SIMMONS dropped off the prescription for "Karen Jarrett" at the Pharmacy to Jamie Gerhart. Jamie Gerhart asked the male for his driver's license, as required for a prescription, and SIMMONS handed Jamie Gerhart his driver's license with the name, "Robert Simmons." Jamie Gerhart told SIMMONS that it would take about 20 minutes to fill the prescription and asked if he was going to wait or come back later to pick it up. SIMMONS told

Jamie Gerhart that he needed to do Mother's Day shopping so he would be back in 20 minutes. After Jamie Gerhart was done with SIMMONS she overheard Sharon Carpenter talking to Inspector McCracken about SIMMONS and told her that Robert SIMMONS had just dropped of a prescription.

Officer Wendt got the prescription from Sharon Carpenter, and observed that it was issued in the name of Doctor Edward Taliaferro who practices out of Duke City Urgent Care in Albuquerque, New Mexico. The signature on the prescription was an original and in blue ink.

Sharon Carpenter and Jamie Gerhart searched their database for the other prescriptions submitted by SIMMONS in the last 30 days. They found a total of six prescriptions, each for 50 tablets of Tramadol, each issued under the name of Dr. Taliaferro, and each picked up by SIMMONS. In addition to "Karen M. Jarrett," additional prescriptions were written for "Michelle Knippa," and "Shawn Johnstone." The prescriptions were filled on May 5th, April 28th, April 26th, April 21st, April 16th, and April 9th of 2016. Officer Wendt called Dr. Taliaferro's office and spoke with the Clinic Manager, Adam Atencio. Officer Wendt advised Adam Atencio of the investigation and requested a fax with Dr. Taliaferro's signature to compare with the signature on the prescriptions dropped off by SIMMONS. The signature sample provided by Dr. Taliaferro's office did not match the signature on any of the six prescriptions dropped off by SIMMONS. Officer Wendt asked Adam Atencio if "Karen Jarrett," "Michelle Knippa," or "Shawna Johnstone" were patients of Dr. Taliaferro, and he confirmed that they were not patients.

Officer Wendt placed SIMMONS under arrest, notified him of his Miranda rights, and SIMMONS agreed to answer some questions. Officer Wendt asked SIMMONS about the six prescriptions. SIMMONS stated that he made the prescriptions because he needed a painkiller for his arthritis. Officer Wendt asked SIMMONS why he didn't get his own prescription and SIMMONS told her that he couldn't do that. Officer Wendt asked why, and SIMMONS stated that he just couldn't. SIMMONS stated that he received a prescription for Tramadol in January of 2016, but ever since produced his own prescriptions. Officer Wendt asked SIMMONS if the names on the prescriptions he made belonged to real people and SIMMONS stated that he made up the names and date of births and was not sure if they belonged to anyone. Officer Wendt asked SIMMONS who signed the prescriptions as Dr. Taliaferro and SIMMONS stated that he signed them all.

Robert SIMMONS was arrested and transported to Santa Fe County Adult Detention Facility.

Based on the aforementioned information, I believe that Robert SIMMONS was in violation of Title 21 U.S.C. § 843

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Matthew Hoisington
Task Force Officer
U.S. Drug Enforcement Administration
Albuquerque District Office

Sworn before me on this the 3rd day of June, 2016

Karen Molzen
Chief United States Magistrate Judge
District of New Mexico
Albuquerque, New Mexico

4